# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MILTON THOMAS WALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0204-CVE-FHM |
| | ) | |
| MR. FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. On June 7, 2006, Respondent filed a response to the petition (Dkt. # 13). A duplicate of the response (Dkt. # 17) was filed on June 9, 2006. Respondent has also provided the original record and trial transcripts (Dkt. # 16) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 18) to Respondent's response. On February 15, 2007, Respondent filed a supplemental response (Dkt. # 21).[1] Petitioner filed a supplemental reply (Dkt. # 24). By Order filed February 12, 2009 (Dkt. # 27), the Court denied Petitioner's motion for an evidentiary hearing (Dkt. # 26). Petitioner filed a motion to reconsider that ruling (Dkt. # 28). Also pending before the Court is Petitioner's second motion to amend (Dkt. # 29). For the reasons discussed below, the Court finds the petition shall be denied. In addition, Petitioner's motion to reconsider and second motion to amend shall be denied.

---

[1]In the supplemental response (Dkt. # 21), Respondent addresses a claim of ineffective assistance of counsel as identified in Petitioner's first motion to amend (Dkt. # 6). The Court granted Petitioner's first motion to amend by Order filed January 31, 2007 (Dkt. # 20).

## *BACKGROUND*

On May 29, 2003, at about 3:20 p.m., a man entered the Lot-A-Burger restaurant, located at 2464 N. Yale, in Tulsa, Oklahoma, and asked to use the restroom.  Employee Crystal Gougler told him where the restroom was located.  The man did not use the restroom.  Instead, he grabbed Ms. Gougler by the arm, swung her around, and stabbed something in her back.  He told her he "just wanted the money."  Two other employees were present in the restaurant at the time.  Manager James Williams told the man he could not open the cash register because he did not have the key. As the manager went to the back of the restaurant, he used the telephone to call police.  The third employee, Kevin McGinnis, witnessed the events as they unfolded.  He saw the man leave the restaurant after the telephone rang and flee on foot along with another man who was waiting outside the restaurant.  Police Officer Victor Regalado responded to the call of a robbery at the Lot-A-Burger.  As he approached the restaurant in his patrol car, he saw two men on foot, one of whom fit the description given by Mr. Williams.  When the men saw the patrol car, they started running. Officer Regalado exited his patrol car and gave a command to stop.  One man stopped.  The other man continued to run.  Officer Regalado caught up with the man and placed him under arrest.  He brought the man back to the Lot-A-Burger where all three eyewitnesses positively identified him as the man who attempted to rob the restaurant.  The man was Petitioner Milton Thomas Walton.

Based on those events, Petitioner was convicted by a jury in Tulsa County District Court, Case No. CF-2003-2583, of Attempted Robbery by Force, After Former Conviction of Two or More Felonies (Count 1), and Obstructing an Officer (Count 2).[2] The jury recommended that Petitioner

---

[2]In a second case filed in Tulsa County District Court, Case No. CF-2003-2692, see www.oscn.net, Petitioner entered a plea of *nolo contendere* to a reduced charge of Attempted Larceny from a Person.  On October 4, 2004, he was sentenced to three (3) years imprisonment to

be sentenced to fifty (50) years imprisonment on Count 1 and one (1) year imprisonment on Count 2. On November 3, 2003, the trial court judge sentenced Petitioner in accordance with the jury's recommendation, ordering that the sentences were to be served concurrently. Petitioner was represented during pretrial proceedings by attorney Julia Allen and at trial by attorney Tonya Guinn.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Stephen J. Greubel. He raised four (4) propositions of error as follows:

Proposition 1: The in-court identification of Appellant Walton by witnesses who had been exposed to a suggestive out-of-court "show-up" identification of him violated his constitutional right to due process of law.

Proposition 2: A mistrial should have been declared when the prosecution improperly suggested to jurors that Appellant Walton was guilty of the instant attempted robbery because he had earlier been convicted of an actual robbery.

Proposition 3: The jury was advised of the nature and length of sentences imposed for each of Appellant Walton's prior convictions, thereby prejudicing the jury's sentencing decision and permitting the jury to speculate as to parole eligibility.

Proposition 4: The prosecution improperly commented on Appellant Walton's exercise of his Fifth Amendment privilege and undermined his presumption of innocence by suggesting Appellant Walton had a duty to explain himself to arresting officers.

(Dkt. # 17, Ex. 1). In an unpublished summary opinion, filed November 10, 2004, in Case No. F-2003-1216, the OCCA affirmed the Judgments and Sentences entered by the trial court. See Dkt. # 17, Ex. 3. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

---

run concurrent with the sentences entered in Case No. CF-2003-2583. During proceedings in Case No. CF-2003-2692, Petitioner was represented by attorney Gina Cowley-Crabtree.

On November 4, 2005, Petitioner filed an application for post-conviction relief in the state district court. The district court identified three (3) claims, as follows:

> 1:    Ineffective assistance of counsel.  Defense counsel's failure to inform defendant of the government's plea offer constitutes ineffective assistance of counsel.
>
> 2:    The District Court was without jurisdiction to impose sentence and the sentence exceeds the maximum authorized by law.
>
> 3:    Ineffective assistance of counsel.  Attorney failed to protect Petitioner's Fourth Amendment right.

See Dkt. # 17, Ex. 4.  By order filed January 6, 2006, the state district court denied post-conviction relief. Id. Petitioner appealed. By Order filed April 5, 2006, in Case No. PC-2006-109, the OCCA affirmed the denial of post-conviction relief.  See Dkt. # 17, Ex. 5.

Petitioner, appearing *pro se*, filed the instant habeas corpus action on April 13, 2006 (Dkt. # 1).  In his petition, Petitioner raises three (3) grounds of error, as follows:

> Ground 1:    Tainted identification. Suggestive out of court show-up.
>
> Ground 2:    Prosecutorial misconduct. Suggested to jury Petitioner was guilty of the instant crime because he had a previous robbery conviction; jury was prejudiced by prior comments during sentencing decision and speculated on parole eligibility; improper comments on Petitioner exercising Fifth Amendment and suggesting Petitioner had a duty to explain himself.
>
> Ground 3:    Ineffective assistance of counsel by failure to inform Petitioner of offered plea; failure to raise illegal arrest.

(Dkt. # 1). On May 11, 2006, prior to the filing of a response by Respondent, Petitioner filed his first "motion to amend" his petition, providing additional factual support for his claim of ineffective assistance of counsel for failing to raise illegal arrest. In response to the petition, Respondent contends that grounds 1 and 2 lack merit and that ground 3 is procedurally barred.  See Dkt. # 17. After the Court granted Petitioner's first motion to amend, see Dkt. # 20, Respondent filed a

supplemental response (Dkt. # 21), addressing the claim raised by Petitioner in his motion to amend. Petitioner has also filed a second "motion to amend" (Dkt. # 29) and a motion to reconsider his motion for an evidentiary hearing (Dkt. # 28).

## *ANALYSIS*

### A.  Second "motion to amend" petition shall be denied

As a preliminary matter, the Court shall address Petitioner's second "motion to amend" (Dkt. # 29), filed in this matter on March 25, 2009.  Petitioner did not send a proposed amended petition along with his motion as required by the Court's Local Rules.  See LCvR9.2(c).  He does, however, identify two (2) claims in his motion to amend.  After reviewing those claims, the Court finds Petitioner seeks leave to amend his petition by adding two (2) new grounds of error as follows: "proposition (3)," that Oklahoma state procedural bar was improper; and "proposition (4)," that Petitioner is unlawfully imprisoned and detained under a judgment of conviction of Tulsa County District Court because the Original Information did not charge Petitioner as an habitual criminal. See Dkt. # 29.

Consideration of Petitioner's motion to amend is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading).  See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000).  The Court finds that the ground of error identified as "proposition (4)" in the motion to amend is an entirely new claim and does not relate back to the original petition.  See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date

5

of the original motion *if and only if*  the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).  The new claim identified as "proposition (3)" is responsive to Respondent's argument that Petitioner's claims of ineffective assistance of counsel are procedurally barred and Petitioner's argument will be considered in Part D below.

Petitioner fails to recognize the ramifications of the one-year statute of limitations imposed on habeas corpus claims.  See 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this case, Petitioner timely filed his original petition.[3]  However, his second "motion to amend" was not filed until March 25, 2009, almost three (3) years after filing the original petition and well after expiration of the one-year limitations period. Since Petitioner's new claim identified as "proposition (4)" does not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the

---

[3]The OCCA affirmed Petitioner's convictions on November 10, 2004. Therefore, his convictions became final on February 8, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner had one year, or until February 8, 2006, to file his federal habeas corpus petition. Petitioner's one-year limitations period was tolled during the pendency of his first application for post-conviction relief, from November 4, 2005, when he filed his application, until April 5, 2006, when the OCCA affirmed the denial of post-conviction relief, or for a total of 152 days. His limitations deadline was extended 152 days beyond February 8, 2006, or to July 10, 2006. While Petitioner filed his original petition on April 13, 2006, or well in advance of the deadline, he did not file his most recent motion to amend until March 25, 2009, or more than two years after expiration of the limitations period. The Court also notes that Petitioner filed additional collateral challenges to his convictions in state court. See Docket Sheet for Case No. CF-2003-2583, viewed at www.oscn.net. Those actions were all filed after expiration of the limitations period and do not serve to toll or extend the filing deadline.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

limitations period, to allow the filing of the proposed amended petition adding a new claim would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)).  Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case.  Equitable tolling may be appropriate where a prisoner is actually innocent.  Id.  However, to be entitled to equitable tolling, a habeas petitioner asserting actual innocence must also demonstrate that he has pursued his federal claims diligently.  Id.  Petitioner does not assert that he is actually innocent.  Furthermore, Petitioner did not exercise diligence in pursuing the new claim identified as "proposition (4)" in the second "motion to amend."  As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. Id. Therefore, the second "motion to amend" shall be denied.  The Court will consider only those claims asserted in the original petition.

**B.  Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted each of his claims.  See Dkt. # 17. The Court agrees and finds that the exhaustion requirement is satisfied.

On April 21, 2008, Petitioner filed a motion for an evidentiary hearing (Dkt. # 26) to present evidence supporting his third proposition of error. By Order filed February 12, 2009 (Dkt. # 27), the Court denied the motion.  On February 23, 2009, Petitioner filed a motion to reconsider the ruling denying his request for an evidentiary hearing.  See Dkt. # 28.  Under the facts of this case, and for the reasons discussed in more detail in Part D below, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).  Therefore, his motion to reconsider the denial of his request for an evidentiary hearing shall be denied.

## C.  Claims adjudicated by the OCCA

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In this case, the OCCA adjudicated Petitioner's grounds 1 and 2, as identified in the original petition, on direct appeal.  Therefore, those claims shall be reviewed pursuant to § 2254(d).

### *1. Improper identification procedures (ground 1)*

As his first proposition of error, Petitioner asserts that his in-court identification by three (3) eyewitnesses was tainted by an improper "show-up" identification.  The OCCA considered and rejected this claim on direct appeal, finding as follows:

> . . . we find that under the circumstances of this case, the one person "show-up" was
> not unduly suggestive or encouraged misidentification.  *See Harrolle v. State*, 763

8

P.2d 126, 128 (Okl.Cr.1988); *Plunkett v. State*, 719 P.2d 834, 838-839 (Okl.Cr.1986). The on the scene confrontation between the victims and Appellant shortly after the commission of the crime was justified as prompt identification was necessary to determine whether Appellant was the offender or whether police officers needed to continue their search.  Any error in admitting the in-court identifications was harmless error as the in-court identifications were established as independently reliable under the totality of the circumstances. *See Young v. State*, 12 P.3d 20, 34 (Okl.Cr.2000).

(Dkt. # 17, Ex. 3).

In examining the constitutionality of an identification procedure, a court must address two issues. The first issue is whether the identification procedure is unnecessarily suggestive. Archuleta v. Kerby, 864 F.2d 709, 711 (10th Cir. 1989). Even if an identification procedure is suggestive, the introduction of the identification evidence does not necessarily violate a defendant's due process rights. Id. The central inquiry is "whether under the totality of the circumstances the identification was reliable." Id. (quoting Neil v. Biggers, 409 U.S. 188, 199 (1972)). As the Supreme Court stated in Manson v. Brathwaite, 432 U.S. 98 (1977), "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." Id. at 106. A reliability determination requires an inquiry into the totality-of-the-circumstances. Biggers, 409 U.S. at 196.  "The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation." Manson, 432 U.S. at 114; see also Biggers, 409 U.S. at 199-200.

The OCCA's finding that the in-court identification was properly admitted does not reflect an unreasonable application of Supreme Court law to the facts of this case. Even if the one-person show-up at the Lot-A-Burger restaurant was suggestive, application of the Biggers factors weighs

strongly in favor of the reliability of the eye-witnesses' identifications. The trial court conducted a hearing on Petitioner's motion to suppress in-court identification. Each of the three Lot-A-Burger employees testified at the hearing. See Mot. Supp. Hr'g Trans., dated October 21, 2003. Their identification testimony was strong. Each eye-witness testified that he or she clearly viewed the robber at the time of the crime. See id. at 4-6, 16-17, 26-28. Second, each eye-witness' testimony reflected a high degree of attention to the details of the crime. Third, the description of the robber given by each eye-witness was consistent. Fourth, each eye-witness was certain that Petitioner was the man who attempted to rob the restaurant on May 29, 2003. Id. at 7, 18, 28. Fifth, fewer than twenty (20) minutes passed between the attempted robbery and the arrest of Petitioner followed by the eye-witnesses' identification at the restaurant. Id. at 28. At the conclusion of the hearing, the trial court denied the motion to suppress. See id. at 37. The Court finds that the identification was reliable and the procedures used did not create a substantial likelihood of misidentification. Petitioner's due process rights were not violated by the admission of the identification testimony at trial. The OCCA's adjudication of this claim was not contrary to or an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 2. *Prosecutorial misconduct (ground 2)*

As his second proposition of error, Petitioner claims that his trial was marred by prosecutorial misconduct. He identifies three (3) bases for this claim: the prosecutor improperly suggested to the jury that Petitioner was guilty because he had a previous robbery conviction, the prosecutor made improper comments during the sentencing phase resulting in the jury being allowed to speculate concerning Petitioner's eligibility for parole, and the prosecutor improperly commented

10

on Petitioner's exercise of his Fifth Amendment rights.  On direct appeal, the OCCA rejected each

of these claims, raised by Petitioner as direct appeal propositions II, III, and IV, as follows:

> In Proposition II, we find that during his direct examination, Appellant opened up the topic of whether he had ever committed a robbery. Therefore, the State could properly pursue the issue on cross-examination. *See Bland v. State*, 4 P.3d 702, 729-730 (Okl.Cr.2000). Any error in the State's inquiry was cured by the trial court's sustaining of the defense objection thus preventing Appellant from answering the question. *See Shultz v. State*, 811 P.2d 1322, 1328 (Okl.Cr.1991).
>
> In Proposition III, it is the general rule that information concerning the length of the defendant's sentence in a prior conviction should not be presented to the jury. *See Cooper v. State*, 806 P.2d 1136 (Okl.Cr.1991). However, it is the defendant's responsibility to object to the notations prior to the jury's deliberations. *Id.* No objections or request to redact the judgments and sentences to excise references to the length of the prior sentences were made in this case.  Reviewing for plain error, we find none. While it is not clear in the record, Appellant could have served his prior sentences prior to the commission of the offense on trial. Further, the note sent from the jury during deliberations does not establish prejudice. The court responded to the note by telling the jury their instructions provided them with all the law they needed. Also their written instructions informed them to consider only the evidence they heard and received along with the instructions given by the court. Additionally the fifty year sentence imposed was within statutory limits and not excessive for a five time offender.
>
> In Proposition IV, Officer Regalado's testimony on Appellant's spontaneous statement was not improper.  Reviewing only for plain error, we find the protections of the Fifth Amendment apply only to statements made after a defendant has been arrested and read his rights. *See Traywicks v. State*, 927 P.2d 1062, 1063-1064 (Okl.Cr.1996); *Guy v. State*, 778 P.2d 470, 474 (Okl.Cr.1989).  *See also United States v. Toro-Pelaez*, 107 F.3d 819, 827 (10th Cir. 1997). Appellant's statement was a spontaneous admission, made before arrest, therefore it was a proper subject for prosecutorial comment.

(Dkt. # 17, Ex. 3).

"Generally, a prosecutor's improper remarks require reversal of a state conviction only if the

remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due

process.'" Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002) (quoting Donnelly v. DeChristoforo,

416 U.S. 637, 643 (1974)). "Alternatively, if the alleged prosecutorial misconduct denied the

petitioner a specific constitutional right (rather than the general due process right to a fair trial), a

valid habeas corpus claim may be established without proof that the entire trial was rendered fundamentally unfair." Id.; see also Brown v. Sirmons, 515 F.3d 1072, 1083 (10th Cir. 2008).

Petitioner's first two instances of prosecutorial misconduct do not implicate a specific constitutional right and shall be analyzed under the general due process standard. Under that standard, habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. at 642-48; Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of these claims was not an unreasonable application of constitutional law. The record reflects that Petitioner testified in his own defense at trial. Prior to Petitioner's testimony, the trial court granted the defense's motion in limine to prevent the prosecution from eliciting information concerning the nature of three (3) of Petitioner's prior felony convictions, one (1) for armed robbery and two (2) for bank robbery.[4] The prosecution was allowed, however, to inquire concerning the nature of Petitioner's fourth prior felony conviction for escape. See Tr. Trans. at 92-93. During his

---

[4]Petitioner's prior felony convictions were entered in Tulsa County District Court, Case No CRF-82-138 (Robbery With Firearm), and N.D. Okla. Case Nos. 90-CR-051-HDC (Bank Robbery), 96-CR-144-SEH (Escape from Custody of an Institution), and 90-CR-066-HDC (Bank Robbery).

testimony, Petitioner developed his defense of misidentification.  He acknowledged being in the area of the Lot-A-Burger at the time of the attempted robbery but denied having been in the Lot-A-Burger or having anything to do with the attempted robbery.  Near the end of the direct examination by defense counsel, the following exchange took place:

> Q:      You saw the three witnesses that came in. Had you seen them prior to court proceedings beginning?
>
> A:      No, ma'am, I hadn't.
>
> Q:      And I understand – you heard them testify that you were the robber?
>
> A:      Yes, I did.
>
> Q:      Is that the case?  Did you do it?
>
> A:      No, ma'am.  I think I'm capable of robbing something if I was trying to rob something, with or without a weapon.  I'm just saying what does it take to rob someone. You pick out something, you take it or not take it.  But attempted robbery, I'm more embarrassed than anything.  It's bad enough to be in this predicament.

(Tr. Trans. at 101-02).  During cross-examination, the prosecutor asked Petitioner hypothetical questions concerning his statement that he was capable of robbing something. The following exchange took place between the prosecutor and Petitioner:

> Q:      So you can't complete a robbery if you can't open the register.  Don't you agree with that, sir?
>
> A:      I wouldn't know.  That's a hypothetical question.  I've not attempted a robbery, so I don't know.  I'm not as young as I look.
>
> Q:      You have not attempted a robbery or you have not attempted this robbery?
>
> A:      Let me put it this way.  I haven't attempted any robberies.
>
> Q:      Does that mean, sir, that you have never done a robbery?
>
> A:      It means exactly what I said.

13

| | |
|---|---|
| MS. GUINN: | I object to the question. |
| MR. WALTON: | Any robbery.  I have never been convicted attempting anything. |
| THE COURT: | I am going to allow the answer to stand. |

Q (by Ms. Weintraub):    What is it, sir, that you have been convicted of?

A:    I believe you all addressed that before I started this trial and said that wouldn't go into that evidence.  Correct me if I'm wrong.

| | |
|---|---|
| MS. WEINTRAUB: | Your Honor, we would ask the Court to direct this witness to answer the question. |
| MS. GUINN: | I do object.  We have a motion. |
| THE COURT: | Give me just a second. |

(Tr. Trans. at 144-45).  At that point, the trial court judge excused the jury.  Defense counsel moved

for a mistrial, arguing that the prosecution had violated the court's ruling on the motion in limine.

After hearing argument from the attorneys, the trial court judge denied the motion for a mistrial,

finding that "the record is clear that the issue was brought up by the Defendant during his direct

testimony and then amplified on cross-examination."  Id. at 147.  After the jury returned to the

courtroom, the prosecutor resumed her cross-examination of Petitioner, as follows:

Q:    What is it you have been convicted of, sir?

| | |
|---|---|
| THE COURT: | Are you – |
| MS. GUINN: | And I object, obviously for the same reason. |
| THE COURT: | And I'll sustain the objection to that question. |
| MS. WEINTRAUB: | Nothing further. |

Id.  This Court finds that Petitioner's comments during direct examination concerning his ability to

complete a robbery opened the door for the prosecutor to ask what he meant by the comments.  Even

14

if the prosecutor violated the ruling on the motion in limine when she specifically asked Petitioner

to identify his prior convictions, the trial court sustained defense counsel's objection and Petitioner

never answered the question.  Thus, any error was cured.  <u>Cummings</u>, 161 F.3d at 618.  Petitioner's

due process rights were not violated.

Petitioner also complains that during the second stage proceeding, the prosecutor's

comments allowed the jury to learn the lengths of sentences he received for his prior convictions.

Upon review of the circumstances of this case, the Court finds that the sentencing proceeding was

not rendered fundamentally unfair by allowing the jury to learn the lengths of Petitioner's prior

sentences.  As noted by the OCCA, defense counsel did not object to the evidence. As a result, the

state appellate court reviewed for plain error and found none because Petitioner could have

discharged his prior sentences prior to the commission of the crimes charged in this case.  Thus, the

jury had no reason to speculate concerning parole and other aspects of sentence administration. The

OCCA's adjudication of this claim was not contrary to or an unreasonable application of Supreme

Court law to the facts of this case.  Petitioner is not entitled to habeas corpus relief on this claim.

28 U.S.C. § 2254(d).

As his third allegation of prosecutorial misconduct, Petitioner implicates a violation of his

Fifth Amendment rights.  On direct appeal, Petitioner argued that the prosecutor attempted to draw

attention to his pre-arrest silence by asking Officer Regalado a series of questions concerning

comments made by Petitioner prior to his arrest.  The record reflects the following exchange

between the prosecutor and Officer Regalado:

Q:      So what did you do when you came in contact [with the defendant]?

A:      At that point, myself and another officer had our weapons drawn, due to the information it was an armed robbery.  At that point, while taking him into custody, he made a statement that he did not – it was a hairbrush.  That he didn't have a gun.  That he used a hairbrush.

Q:      When he made that comment or statement that he had a hairbrush, not a gun, had you said to him, "Show me your weapon.  Where is your weapon?"

A:      We just told him to get on the ground.  Protocol would have been "show us your hands."

Q:      So you didn't say, "Where is the weapon," or "What is your weapon?"

A:      No.

Q:      So he just blurted out that he used a hairbrush?

A:      Yes, he did.

Q:      Did he ever say anything like, "What's this all about?  What are you guys doing?  I've done nothing wrong?"

A:      No.

(Tr. Trans. at 67-68). As indicated above, the OCCA rejected this claim on direct appeal, reviewing only for plain error and finding that Petitioner's statement was a spontaneous admission, made before arrest, and it was, therefore, a proper subject for prosecutorial comment. See Dkt. # 17, Ex. 3.

In Mahorney v. Wallman, 917 F.2d 469 (10th Cir. 1990), the Tenth Circuit directed that where a specific constitutional right is implicated, a habeas court is required to evaluate the prejudicial effect that the objectionable comment had on the constitutional right by considering the pertinent surrounding circumstances at trial.  Id. at 473.  If the objectionable comment resulted in a constitutional violation, the court must then determine whether the violation may be deemed

16

harmless.  Id. at 474.  In this case, the Court has examined the circumstances surrounding the

prosecutor's questions and finds the questions did not violate Petitioner's Fifth Amendment rights.

Petitioner's statements concerning the hairbrush were made spontaneously to Officer Regalado prior

to being placed in custody.  Officer Regalado had not yet arrested Petitioner.  See Tr. Trans. at 67-

71.  As a result, the Fifth Amendment did not prevent the prosecutor from using the statements made

by Petitioner about the hairbrush.  There was no constitutional violation resulting from the

prosecutor's questions.  Petitioner is not entitled to habeas corpus relief on this claim.  28 U.S.C. §

2254(d).

**D.  Procedural Bar (ground 3)**

        Petitioner alleges in his third ground for relief that he was deprived of the effective assistance

of trial counsel.  Specifically, Petitioner complains that the attorney who represented him at

preliminary hearing, Julia Allen, failed to inform him of a plea recommendation offered by the

prosecution.  He also complains that his attorney failed to raise a claim challenging the legality of

his arrest.  The record confirms that the issues raised in Petitioner's third ground were not presented

to the OCCA on direct appeal.  Both claims of ineffective assistance were raised for the first time

in Petitioner's application for post-conviction relief.

        In affirming the state district court's denial of post-conviction relief, the OCCA held as

follows:

        Petitioner has failed to establish entitlement to relief in a post-conviction
        proceeding.  Petitioner's claims either were or could have been raised in his direct
        appeal.  All issues that could have and should have been raised in a direct appeal are
        waived and may not be the basis of a post-conviction application.  22 O.S.2001, §
        1086; Fowler v. State, 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569.  Petitioner has not
        established sufficient reason for his failure to previously raise the issues.  Id.
        Petitioner's trial and appellate counsel were not the same, therefore any claims of
        ineffective trial counsel could have been raised on direct appeal.  See Davis v. State,

> 2005 OK CR 21, ¶ 6, 123 P.3d 243, 245-46. Petitioner has not alleged any facts in this proceeding, relating to his alleged plea offer or his alleged illegal arrest, that were not ascertainable through the exercise of due diligence during the time of his trial or direct appeal. *Davis*, 2005 OK CR 21 at ¶ 2, 123 P.3d at 244 . . . Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2003-2583 should be, and is hereby, **AFFIRMED**.

(Dkt. # 17, Ex. 5). In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to the arguments asserted in Petitioner's third ground of error. See Dkt. #s 17 and 21.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority' of cases." Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that the claims raised in Petitioner's third ground for relief are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise the claims on direct appeal, is based on "independent" state grounds because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d 985. Additionally, the procedural bar imposed on the claims was based on "adequate" state

18

grounds sufficient to bar the claims on federal habeas corpus review. The Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court finds that the procedural bar imposed by the state courts on Petitioner's ground 3 ineffective assistance of trial counsel claims is based on grounds adequate to preclude federal habeas review. Petitioner was represented during pretrial proceedings by attorney Julia Allen and at trial by attorney Tonya Guinn. On direct appeal, Petitioner was represented by attorney Stephen Greubel. As discussed in more detail below, the record also reflects that Petitioner consulted with Gina Cowley-Crabtree, his attorney in a companion case, concerning his claim of ineffective assistance of trial counsel. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

19

The second <u>English</u> factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  <u>Id.</u> at 1263-64.  In applying a procedural bar to Petitioner's claims of ineffective assistance of trial counsel, the OCCA specifically determined that the claims could have been but was not raised on direct appeal.  <u>See</u> Dkt. # 17, Ex. 5 at 2. One of the defaulted claims, Petitioner's allegation that trial counsel failed to challenge the legality of his arrest, could be resolved based on the trial record alone. As to Petitioner's claim based on his attorney's failure to advise him of a plea recommendation offered by the State, the record provided by Petitioner reflects that he had the factual record necessary for his appellate counsel to develop the claim on direct appeal. Petitioner states in his reply[5] to the State's response that he had actual knowledge of the claim before the commencement of his jury trial.  <u>See</u> Dkt. # 18 at 7.  He has also provided a copy of a pleading entitled "State's Recommendation," dated July 11, 2003, reflecting an offer of 15 years in the custody of the Oklahoma Department of Corrections.  <u>See</u> Dkt. # 18, Ex. A.  He states that the pleading was part of his file.  Dkt. # 18 at 7.  He also provides a copy of a letter, dated January 7, 2004, from Gina Cowley-Crabtree, the attorney who represented him in subsequent state court proceedings in Case No. CF-2003-2692, stating that Petitioner's former attorney, Julia Allen, had confirmed that she never informed Petitioner of the state's offer.  <u>See</u> Dkt. # 18, attachment. Ms. Cowley-Crabtree specifically advised Petitioner that "[t]his is obviously information needed by your appellate counsel and I would appreciate it if you would let me know who that person is."  <u>Id.</u>

_____

[5]In "Proposition III" of his reply (Dkt. # 18 at 16), Petitioner alleges that his trial counsel was ineffective for failing to investigate the validity of his prior felony convictions.  That claim was not identified in the petition and is not properly before the Court.  Furthermore, the claim was not raised on direct or post-conviction appeal and, as a result, would be procedurally barred.

Significantly, the letter is dated more than four (4) months before the filing of Petitioner's principal brief on appeal.  See www.oscn.net (docket sheet for Case No. F-2003-1216, reflecting that Petitioner's brief on appeal was filed on May 27, 2004).  Thus, the record reflects that Petitioner clearly knew of this claim of ineffective assistance of counsel before trial and certainly at the time of his direct appeal, and that he had discussed the claim with Ms. Cowley-Crabtree.  However, nothing in the records suggests, and Petitioner does not claim, that he provided information concerning this claim to his appellate counsel, Stephen Greubel. Based on the factual record available to Petitioner, the Court finds the OCCA's procedural bar was adequate to preclude federal review of this claim.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner attributes his failure to raise these claims on direct appeal to ineffective assistance of his appellate counsel (Dkt. #s 1 and 18).  It is well established that, in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default.  See Murray, 477 U.S. at 488-89.  However, the assistance provided by appellate counsel must rise to the level of a constitutional violation.  Id.  Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id. at 489.  An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted, and, unless the state prisoner can satisfy the "cause and prejudice" standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim.  Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).

In this case, Petitioner did not present a claim of ineffective assistance of appellate counsel to the state courts in his first application for post-conviction relief.  He does not offer an explanation for failing to assert that appellate counsel provided ineffective assistance in failing to raise ground 3 in his application for post-conviction relief and has not demonstrated cause and prejudice for the procedural default of his ineffective assistance of appellate counsel claim. As a result, his claim of ineffective assistance of appellate counsel is itself procedurally barred and cannot serve as cause to overcome the procedural bar applicable to Petitioner's claims of ineffective assistance of trial counsel.  Edwards, 529 U.S. at 453.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner does not assert that he is actually innocent of the crimes for which he was found guilty. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's third ground of error. Coleman, 510 U.S. at 724. Habeas corpus relief on that ground shall be denied.

Finally, because ground 3 of the petition, alleging ineffective assistance of counsel, is procedurally barred, the Court finds an evidentiary hearing as requested by Petitioner is unnecessary. Petitioner's request for reconsideration of his motion for an evidentiary hearing shall be denied.

23

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Petitioner's "motion to amend" (Dkt. # 29) is **denied**.

2.      Petitioner's "motion to reconsider Petitioner's motion for evidentiary hearing" (Dkt. # 28) is **denied.**

3.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

4.      A separate Judgment shall be entered in this case.

**DATED** this 28th day of July, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT